Curia, per Dunkikt, Ch.
There is no doubt of the general rule both at law and in this court. A married woman cannot maintain a suit in her own name. Her separate existence is merged in that of her husband. Her suit is a nullity; and no person would be responsible for the costs.
But the Act of 1712 authorises a feme covert to appoint an attorney by whom she may maintain an action either in her own name, or in the name of her husband and herself, which suit her husband shall not be permitted to discontinue. It seems that, under the provisions of this Act, a suit at law is now pending by the complainant against the defendant; and this bill is filed for discovery, in order to enable the complainant to proceed in her action.
It may be very well questioned whether the Act of 1712 can be regarded in reference to proceedings in this court, (a.) The law was passed nine years before the organization of Courts of Chancery in South Carolina. But there was no necessity for it here. Although the general rule is as has been stated, there are cases in which, by the well settled practice of this court, femes covert are permitted to maintain actions in their own name, and not only without joining the husband but against *31 him. But when the wife does not sue under the protection of her husband, “she must” says Mr. Mitford, “seek other protection, and the bill must be exhibited in her name by her next friend, who is also named in the bill, in the same manner as in the case of an infant.” Mit. Pl. 28. And in Barlee vs. Barlee, 1 Sim. & Stu. 100, where a married woman was the complainant, and her prochein ami died, Tice Ch. Sir John Leach ordered a new next friend to be named within two months, or that the complainant’s bill should be dismissed.
We think that, as the Act of 1712 authorises a feme covert to maintain a suit at law in her own name, and the proceedings in this court are merely ancillary to the cause now pending at law, the complainant should be permitted to sue in her own name, but it must be, according to the practice of this court, by her next friend, who must be named in the bill, and who will be responsible for the costs.
It is ordered and decreed, that the decree of the circuit court, overruling the defendant’s plea, be reversed. It is further ordered that the complainant have leave to amend her bill, within sixty days, by naming therein some responsible person as her prochein ami, and that, in default thereof, her bill stand dismissed. It is also ordered that, on the amendment being made, and notice thereof to the defendant, and payment of the costs of his defence in this court hitherto incurred, he file his answer to the said bill within thirty days thereafter.
Harper and Johnston, CC. concurred.

) Vide Baker vs. Baker and Red, Bail. Eq. 165.